McIlvaine, J.
The sole question submitted to me for report is this: Does an inference of negligence arise from, the mere fact that an injury results from a fire caused by' sparks from a passing locomotive, in the use of a chartered railroad company, which is authorized by law to propel its-trains and operate its road by the use of -steam locomotives ?
This question must be answered in the negative. The-emission of sparks from such locomotives results from the-mere use, and is as natural as it is common ; therefore, it-can not be presumed, either as matter of law or matter of fact, that the escape of sparks is caused by carelessness or negligence in the use.
We make no inquiry now, as to what facts or circumstances would prove negligence on the part of a railroad, company, where a fire is communicated to adjacent property from its locomotives. It is enough here to say, that-where a liability for an injury of this kind is sought to be enforced, some fact or circumstance of negligence must be-alleged and proved. It is not enough to show that the-injury was caused by sparks escaping from a passing engine, without more. A party is not answerable in damages-for the reasonable exercise of a right. A liability arises-only when it is shown that the right was exercised negligently, unskillfully, or maliciously.
The doctrine here announced is sustained by the following cases: Railroad Co. v. Yeiser, 8 Penn. St. 366; Turnpike Co. v. Railroad, Co., 54 Penn. St. 345; Burroughs v. Railroad Co., 15 Conn. 124; Road v. Railroad Co., 18 Barb. 80;. *98 Sheldon v. Railroad Co., 14 N. Y. 218; Railroad Co. v. Woodruff, 4 Md. 242; Smith v. Railroad Co., 37 Miss. 287. See, also, Wharton on Law of Negligence, §§ 869 and 870, and numerous other cases there cited.

Motion overruled.